JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
VALERIE K. BRENNAN (CA Bar No. 248148)
vbrennan@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel:  (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants CHASE HOME
FINANCE LLC and HOMESALES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL  DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO AVILES JR.,<br><br>Plaintiff,<br><br>v.<br><br>FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, CHASE HOME FINANCE, LLC, HOMESALES, INC., and DOES 3–50, inclusive,<br><br>Defendants. | **CASE NO.:** CV08-06658 SVW (JTLx)<br><br>**JUDGE:**    Hon. Stephen V. Wilson<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[FRCP 12(b)(6) and 12(e)]<br><br>**CTRM:**  6<br>**DATE:**   February 2, 2009<br>**TIME:**   1:30 p.m.<br><br>**Action Filed:**      November 12, 2008 |

///

///

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**TO THE ABOVE-NAMED COURT AND TO PARTIES AND ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 2, 2009 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the above-entitled court, defendant Chase Home Finance LLC ("Chase") and Homesales, Inc. ("Homesales") (collectively "Defendants"), will move the court to dismiss the action pursuant to Federal Rules of Civil Procedure ("FRCP") §12(b)(6) on the grounds that the First Amended Complaint ("FAC") of plaintiff Roberto Aviles Jr., ("Plaintiff") fails to state a claim upon which relief can be granted. Alternatively, Defendants will move the Court for a more definite statement under FRCP, Rule 12(e). Specifically, Defendants move the Court as follows:

1. Plaintiff's claim for "Unfair Debt Collection Practices" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

2. Plaintiff's claim for "Predatory Lending Practices" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

3. Plaintiff's claim for "RICO Violations" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

4. Plaintiff's claim to "Quiet Title" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

5. The entire Complaint is vague and uncertain. FRCP 12(e).

The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed.

///

///

1067696.2

Counsel for Defendants "met and conferred" with counsel for Plaintiff via letter regarding the grounds for this Motion to Dismiss in compliance with Local Rule 7-3. *See*, Local Rule 7-3.

DATED:  December 19, 2008          ADORNO YOSS ALVARADO & SMITH
                                   A Professional Corporation

                                   By: /s/ S. Christopher Yoo
                                        JOHN M. SORICH
                                        S. CHRISTOPHER YOO
                                        Attorneys for Defendants
                                        CHASE HOME FINANCE LLC and
                                        HOMESALES, INC.

1067696.2

# TABLE OF CONTENTS

Page

I.     SUMMARY OF ARGUMENT ........................................................................1

II.    SUMMARY OF RELEVANT FACTS ...........................................................2

III.   STANDARD FOR A MOTION TO DISMISS ..............................................4

IV.    PLAINTIFF FAILS TO STATE A CLAIM FOR "UNFAIR DEBT
       COLLECTION PRACTICES" AGAINST CHASE OR HOMESALES .......4

       A.    Plaintiff fails to properly plead a claim for "Unfair Debt Collection
             Practices" under the FFDCPA against Chase and Homesales .............5

             1.    Foreclosure upon a property is not an FDCPA debt
                   collection ..............................................................................5

             2.    Even assuming that the FDCPA applies to Chase or
                   Homesales, a request for validation of debt does not require
                   ceasing of collection activity ...............................................6

       B.    Plaintiff fails to properly plead a claim for "Unfair Debt Collection
             Practices" under the CFDCPA against Chase and Homesales.............8

             1.    Foreclosure upon a property is not debt collection under the
                   CDCPA ...................................................................................8

             2.    Plaintiff fails to plead that Chase or Homesales engaged in a
                   prohibited practice under the CFDCPA.................................9

             3.    Even assuming that the CFDCPA applies to Chase or
                   Homesales, a request for validation of debt does not require
                   ceasing of collection activity .................................................9

       C.    Plaintiff fails to properly plead a claim for "Unfair Debt Collection
             Practices" under RESPA against Chase and Homesales....................10

V.     PLAINTIFF FAILS TO STATE A CLAIM FOR "PREDATORY
       LENDING PRACTICES" AGAINST CHASE OR HOMESALES.............11

VI.    PLAINTIFF FAILS TO STATE A CLAIM FOR "RICO VIOLATIONS"
       AGAINST CHASE OR HOMESALES ........................................................14

VII.   PLAINTIFF FAILS TO STATE A CLAIM TO "QUIET TITLE"
       AGAINST CHASE AND HOMESALES ......................................................15

VIII.  THE FAC IS VAGUE AND UNCERTAIN, AND THEREFORE,
       PLAINTIFF MUST PROVIDE MORE DEFINITE STATEMENT
       UNDER RULE 12(e)......................................................................................16

IX.    CONCLUSION................................................................................................17

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1067696.2

# **TABLE OF AUTHORITIES**

Page

**Cases**

*Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998)...............................................................................................................10, 11

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007).......................................4

Bush v. Loanstar Mortgage, 286 F.Supp.2d 1210, 1215 (N.D. Cal. 2003)....................8

*Cellars v. Pacific Coast Packaging, Inc.*, 189 FRD 575, 578 (ND CA 1999).............16

*Chang v. Chen*, 80 F.3d 1293, 1300 (9th Cir. 1996) ...............................................14, 15

*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).....................11

*Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. CA 1981)...16

*Heinemann v. Jim Walter Homes, Inc.*, 47 F.Supp.2d 716 (D.W.Va.1998)...................5

*Heinemann*, 47 F.Supp.2d at 722.................................................................................8

*Homestead Sav. v. Darmiento*, 230 Cal. App. 3d 424 (1991) ......................................12

*Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188 (D.Or.2002) ............................5

*Hulse, FSB*, 195 F.Supp.2d at 1204 ..............................................................................8

*Ines v. Countrywide Home Loans*, 2008 WL 2795875.................................................8

*Lewis v. Superior Court*, 30 Cal.App.4th 1850, 1866 (1994).......................................16

*McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231 (1930)................................13

*Moeller v. Lien*, 25 Cal. App. 4th 822 (1994)..............................................................12

*Pirouzian v. SLM Corp.*, 396 F. Supp. 2d 1124, 1131 (D. Cal. 2005) .........................9

*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)...........................................14

*Stafford v. Ballinger*,  199 Cal.App.2d 289, 294-295 (1962) ......................................16

*United States v. Turkette*, 452 U.S. 576, 583 (1981).............................................14, 15

**Statutes**

18 U.S.C. §1961(4) ..................................................................................................15, 17

Cal. Civ. Code §§ 2924.............................................................................................13, 14

MOTION TO DISMISS

1067696.2

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

# **TABLE OF AUTHORITIES**

Page

California Civil Code ("CC") § 2924(a)(1) ........................................................................2

California Civil Code § 2924(a)(1).....................................................................................2

CC § 2924(a)(1) ..................................................................................................................2

*Civil Code* §§ 1788, et seq. ..............................................................................................10

*Civil Code* §§ 1788.10 .....................................................................................................10

*Civil Code* §§ 1788.11 .....................................................................................................10

*Civil Code* §§ 1788.12 .....................................................................................................10

*Civil Code* §§ 1788.13 .....................................................................................................10

*Civil Code* §§ 1788.14-16 ...............................................................................................10

**Rules**

FRCP Rule 12(b)(6) ............................................................................................................5

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

MOTION TO DISMISS

1067696.2

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1    Defendants Chase Home Finance LLC ("Chase") and Homesales, Inc.

2   ("Homesales") (collectively "Defendants"), submit the following memorandum of

3   points and authorities in support of the Motion to Dismiss the First Amended Complaint

4   ("FAC") of plaintiff Roberto Aviles Jr. ("Plaintiff").

5   **I.    SUMMARY OF ARGUMENT**

6    This case represents the latest in a series of frivolous law suits filed over the

7   past year by disgruntled borrowers against various lenders and foreclosure trustees.

8   Plaintiff's FAC is virtually identical to dozens of other complaints also filed by the

9   law firm of M.W. ROTH, P.L.C., ("Roth") on behalf of numerous other borrowers.

10  *See*, the Request for Judicial Notice ("RJN") Exhibits 8 through 14, filed in support of

11  this Motion for a sampling of these "cookie cutter" lawsuits.  Plaintiff's FAC, like the

12  others, lacks any specific facts and essentially contains the same claims for relief,

13  including, unfair debt collection practices, predatory lending, and RICO.  *Id.*

14  Although the merits of a lawsuit must be judged on an individual basis, a cursory

15  review of Plaintiff's Complaint reveals that it contains the same repetitive, boilerplate

16  jargon which is the basis of the previously-filed complaints by Roth.  Defendants

17  brings these copycat lawsuits to this Court's attention in support of the pending

18  Motion to Dismiss because they raise questions about the merit of the allegations

19  contained within Plaintiff's Complaint.

20   In addition to the questionable merit of Plaintiff's allegations, the FAC is

21  fatally-flawed in several respects and therefore, should be dismissed.  The gravamen

22  of Plaintiff's FAC is that Chase and Homesales wrongfully foreclosed upon the

23  property located at 3006 Cazador Street, Los Angeles, California ( "Subject

24  Property").  Plaintiff alleges that Chase and Homesales lacked the authority to

25  commence foreclosure because neither entity was "the holder of the Note identified in

26  the [deed of trust]."  *See,* Complaint, ¶ 17.

27   Thus, Plaintiff apparently names Chase and Homesales as defendants in this

28  action based upon an erroneous interpretation of California law, namely, that one who

1  is not the holder of the promissory note cannot foreclose.  This is simply incorrect.

2  Pursuant to California Civil Code § 2924(a)(1), foreclosure proceedings may be

3  undertaken by "the trustee, mortgagee, or beneficiary, or <u>any of their authorized</u>

4  <u>agents</u>."  Civil Code § 2924(a)(1).  Thus, Chase, as the servicing agent of the

5  beneficiary, and Homesales, as the assignee of all beneficial interest under the deed of

6  trust, was entitled to commence foreclosure upon Plaintiff's default pursuant to the

7  power of sale provisions in the deed of trust securing the First Loan.  *See*, RJN,

8  Exhibit 1, ¶ 22, Exhibit 1.

9          Plaintiff's FAC fails to state a claim for "Unfair Debt Collection Practices"

10  because Plaintiff fails to demonstrate that either California's Rosenthal Debt

11  Collection Practices Act ("CFDCPA"), or the Federal Fair Debt Collection Practices

12  Act ("FDCPA") applies to foreclosure activities, or why either Defendant was

13  required to "suspend debt collection activities."

14          Under Plaintiff's second cause of action for "Predatory Lending Practices,"

15  Plaintiff fails to allege what particular "predatory lending practices" Chase and

16  Homesales allegedly engaged in, which is an omission of great significance because

17  neither Chase nor Homesales were the originating lender of the First Loan.

18          With respect to the "RICO violations" claim, Plaintiff fails to describe the

19  particular conduct, enterprise, or pattern of racketeering activity upon which the claim

20  is based.

21          Finally, Plaintiff's "Quiet Title" claim fails because Plaintiff has no legally

22  cognizable interest in the title to the Subject Property, and consequently, has no

23  standing to bring a quiet title action.

24          Based upon the foregoing, the FAC fails to state a claim upon which relief can

25  be granted, and therefore the Motion to Dismiss should be granted without leave to

26  amend.

27  **II.    SUMMARY OF RELEVANT FACTS**

28          The following are relevant facts in the FAC and those which the Court may take

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1  judicial notice:

2  • The real property which is the subject of this dispute is located at 3006 Cazador

3  Street, Los Angeles, California (previously defined as "Subject Property"). *See*,

4  FAC ¶ 7.

5  • Plaintiff obtained a mortgage loan in the sum of $496,000.00 ("First Loan") in

6  connection with the Subject Property. The First Loan was secured by a deed of

7  trust ("First DOT") encumbering the Subject Property that was recorded on or

8  about September 28, 2006 with the Los Angeles County Recorder's Office as

9  instrument number 062157784. The First DOT identifies JPMorgan Chase

10  Bank, N.A. as the lender, beneficiary, and trustee. *See*, RJN, Exhibit 1.

11  • Plaintiff obtained a revolving line of credit in the sum of $130,000.00 ("Second

12  Loan") in connection with the Subject Property. The Second Loan was secured

13  by a Short Form Deed of Trust ("Second DOT") encumbering the Subject

14  Property that was recorded on or about September 28, 2006 with the Los

15  Angeles County Recorder's Office as instrument number 062157785. *See*, RJN,

16  Exhibit 2.

17  • A Notice of Default and Election to Sell Under Deed of Trust ("NOD") in

18  connection with the First DOT was recorded on or about April 4, 2008 with the

19  Los Angeles County Recorder's Office as instrument number 20080581713.

20  The NOD indicates that to arrange for payment to stop the foreclosure, Chase

21  must be contacted. *See*, RJN, Exhibit 3.

22  • A Substitution of Trustee in connection with the First DOT was recorded on or

23  about May 9, 2008 with the Los Angeles County Recorder's Office as

24  instrument number 20080825854. First American Loanstar Trustee was named

25  the new trustee under the Substitution of Trustee. *See*, RJN, Exhibit 4.

26  • A Notice of Trustee's Sale in connection with the First DOT was recorded on or

27  about July 8, 2008 with the Los Angeles County Recorder's Office as

28  instrument number 20081206248. *See*, RJN, Exhibit 5.

- An Assignment of Deed of Trust wherein JPMorgan Chase Bank, N.A., transferred all interest under the First DOT to Homesales Bank was recorded on or about August 1, 2008 with the Los Angeles County Recorder's Office as instrument number 20081383127. *See*, RJN, Exhibit 6.
- The Subject Property was subsequently purchased by Homesales, Inc. at the trustee's sale on July 28, 2008. A Trustee's Deed Upon Sale ("Trustee's DUS") was recorded on or about August 1, 2008 with the Los Angeles County Recorder's Office as instrument number 20081383128. *See*, RJN, Exhibit 7.

## III.   STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under FRCP Rule 12(b)(6) may be brought where a plaintiff fails to state a claim upon which relief can be granted. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

## IV.   PLAINTIFF FAILS TO STATE A CLAIM FOR "UNFAIR DEBT COLLECTION PRACTICES" AGAINST CHASE OR HOMESALES

The underlying basis of Plaintiff's "Unfair Debt Collection Practices Claim" is that Defendants violated CFDCPA, and the FDCPA by failing to cease collection activity when Plaintiff allegedly requested validation of the debt owed upon the First Loan. *See,* FAC, ¶¶36-47. In light of the alleged violations, the plaintiff asserts that Defendants have no standing to foreclose on the subject property.

///

///

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**A.    Plaintiff fails to properly plead a claim for "Unfair Debt Collection Practices" under the FFDCPA against Chase and Homesales**

    **1.    Foreclosure upon a property is not an FDCPA debt collection**

Plaintiff cannot state a claim under the FDCPA because the activity of foreclosing upon a property is not a collection of a debt.   Plaintiff's contention that "Defendants…have acted as debt collectors" ignores the distinction between debt collection and enforcement of a security interest.   *See,* FAC, ¶ 37.   Consistent with this distinction, courts have recognized that the foreclosure upon a property is not a FDCPA debt collection.

In *Heinemann v. Jim Walter Homes, Inc.*, 47 F.Supp.2d 716 (D.W.Va.1998), aff'd, 173 F.3d 850 (4th Cir.1999), the plaintiff brought an FDCPA claim over actions that had occurred during the foreclosure of their property. The court held that because "the trustees were not collecting on the debt at that time, but merely foreclosing on the property pursuant to the deed of trust, these activities do not fall within the terms of the FDCPA." *Id.* at 722.

The reasoning of the *Heinemann* was followed by the Court in *Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188 (D.Or.2002).  At issue in *Hulse* was whether the activity of foreclosing on the property pursuant to a deed of trust constituted the collection of a debt within the meaning of the FDCPA.  The Court found that:

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.
>
> *Id.* at 1204.

Critical in the Court's reasoning was the fact that under the contractual provisions of the deed of trust, the trustee possesses the power of sale which may be

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1067696.2

1  exercised after a breach of the obligation for which the real property is security. *Id.*

2  The Court found that "[f]oreclosure by the trustee is not the enforcement of the

3  obligation because it is <u>not an attempt to collect funds from the debtor</u>." *Id.*

4  [Emphasis added].   For those reasons, the Court found that actions taken by the

5  assignee of a deed of trust in pursuit of the actual foreclosure may not be challenged

6  as FDCPA violations, and that any allegations that the foreclosure proceedings were

7  wrongful because of an invalid assignment are not properly brought under the

8  FDCPA. *Id.*

9        Here, Plaintiff alleges that Chase and Homesales both "acted as a debt

10  collector" under the FDCPA "in trying to collect and thereby satisfy a debt which was

11  created as part of a loan used to purchase Plaintiff's residence." *See,* FAC, ¶40, 42.

12  The "debt which was created as part of a loan" to which plaintiff refers is the "Deed of

13  Trust [ ] upon which Defendants and each of them, base their respective rights to

14  foreclose on Plaintiff's [sic] subject real property." *See,* FAC, ¶ 9.  Thus, Plaintiff's

15  FDCPA claim solely arises from the alleged actions undertaken by Chase and

16  Homesales in pursuit of the foreclosure of the Subject Property to enforce the deed of

17  trust.   Because the activity of foreclosing upon a property is not a collection of a debt

18  within the meaning of the FDCPA.

19        Plaintiff's first claim, which challenges the foreclosure, fails to state a claim

20  against Chase or Homesales based upon the reasoning of *Heinemann* and *Hulse.*

21        **2.    <u>Even assuming that the FDCPA applies to Chase or</u>**

22           **<u>Homesales, a request for validation of debt does not require</u>**

23           **<u>ceasing of collection activity</u>**

24        Plaintiff alleges that Chase and Homesales violated the FDCPA because neither

25  entity "provided verification of the alleged debt as requested by Exhibit 7, nor did

26  Defendants and each of them suspend debt collection activities following Plaintiff's

27  written requests for verification of the alleged debt[.]" *See,* FAC, ¶ 46.  Plaintiff's

28  allegations are meritless, and do not give rise to a claim under the FDCPA.

ADORNO YOSS ALVARADO & SMITH
ATTORNEY AT LAW
SANTA ANA

Notably, the purported "requests for verification of alleged debt" were admittedly addressed to First American, and not Chase and Homesales. *See,* FAC, Exhibit 7. Indeed, Plaintiff admits that "Defendant FIRST AMERICAN LOANSTAR was put on notice of Plaintiff's dispute regarding the foreclosure of Plaintiff's property through the three letters from Plaintiff's attorney[.]" *See,* FAC, ¶23. Thus, Plaintiff does not allege that any "requests for verification of alleged debt" were sent to Chase or Homesales.

Moreover, in the "requests for verification of alleged debt" attached to the FAC, Plaintiff does not dispute the debt or any portion of the debt. Exhibit 7 merely requests that First American "confirm to [Roth] in writing the identity of the person or entity that initiated theses foreclosure proceedings … [and] confirm that this person or entity is in actual possession of the original note … so that upon payment of the amount due under the note it can be properly surrendered." *See,* FAC, Exhibit 7, p. 4, ¶ 1. Exhibit 7 also states that "this letter serves as my clients demand under RESPA." *See,* FAC, Exhibit 7, p. 5, ¶ 1. Thus, the essence of Plaintiff's letter is a request to identify the entity that  commenced foreclosure, and not to dispute the amounts owed pursuant to the First DOT.

Notwithstanding the fact that Plaintiff's alleged validation request is deficient and was never sent to Chase or Homesales, neither Chase nor Homesales were required to "suspend debt collection activity" as urged by plaintiff. Even assuming, *arguendo*, that the request "for verification of alleged debt" attached to the FAC as Exhibits 7 sent after the recordation of the NOD constituted validation requests under the FDCPA, Plaintiff's requests were untimely. Section 1632(g) provides that " If the consumer notifies the debt collector in writing <u>within the thirty-day period described in subsection (a)</u> of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt." [Emphasis added].  On or about April 4, 2008, the NOD in connection with the First DOT was recorded and mailed. *See,* RJN,

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

Exhibit 3. The NOD stated, among other things, the amount owed, entity to which debt is owed, and a statement that "upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay." *See,* RJN, Exhibit 3. Exhibit 7 attached to Plaintiff's FAC, which Plaintiff purports to constitute a request to validate the "debt" is dated July 21, 2008, which is approximately 2 months after the NOD was mailed and clearly beyond the 30-day period in which a "debtor" is required to dispute or validate a debt pursuant to the provisions of section 1692g. *See,* 15 U.S.C. 1692g; *see also Bush v. Loanstar Mortgage*, 286 F.Supp.2d 1210, 1215 (N.D. Cal. 2003) (finding that a debt collector could declare a debtor to be in default and elect to sell the security for the loan within the 30-day period without violating the FDCPA).

Because Plaintiff admittedly did not send a request "for verification of alleged debt" to Chase or Homesales, neither Chase nor Homesales were required to cease collection activity upon the Subject Property following Plaintiff's letters to First American. The first cause of action for "Unfair Debt Collection Practices" under the FDCPA must be dismissed.

**B.    Plaintiff fails to properly plead a claim for "Unfair Debt Collection Practices" under the CFDCPA against Chase and Homesales**

**1.    Foreclosure upon a property is not debt collection under the CDCPA**

While Plaintiff conclusorily alleges that Chase and Homesales are "debt collector[s]," the FAC contains no allegation that Chase and Homesales allegedly attempted to collect a debt within the meaning of the CFDCPA. As is stated above, under the FDCPA, which is the basis for the CFDCPA, the activity of foreclosing on a property pursuant to a deed of trust is not considered the collection of a debt. *See, Heinemann*, 47 F.Supp.2d at 722; *Hulse, FSB*, 195 F.Supp.2d at 1204; *see also Ines v. Countrywide Home Loans*, 2008 WL 2795875 (interpreting whether plaintiff properly alleged that the CFDCPA and FDCPA afforded Plaintiff a form of relief and finding

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

that Plaintiff failed to demonstrate that the CFDCPA afforded Plaintiff greater protection that the FDCPA); *Pirouzian v. SLM Corp.*, 396 F. Supp. 2d 1124, 1131 (D. Cal. 2005) (finding that although the definition of the CFDCPA's definition of "debt collector" seemed more inclusive, it is not inconsistent with the definition provided under the FDCPA).   Thus, Plaintiff failed to properly plead that Chase and Homesales were collecting a debt within the meaning of the CFDCPA.

### 2.    Plaintiff fails to plead that Chase or Homesales engaged in a prohibited practice under the CFDCPA

CFDCPA precludes a "debt collector" from collecting, or attempting to collect, from a "debtor" on a consumer debt in a threatening or harassing manner. *See, Civil Code* §§ 1788, et seq.  The CFDCPA outlines specific examples of prohibited practices, and includes, threats (*Civil Code* §§ 1788.10); obscenity (*Civil Code* §§ 1788.11); misleading or false communications (*Civil Code* §§ 1788.13); communications to third parties such as employers (*Civil Code* §§ 1788.12); and overreaching (*Civil Code* §§ 1788.14-16).  Absent from the complaint is any allegation that Chase or Homesales ever threatened or harassed Plaintiff.  Such facts are necessary to properly plead a violation of CFDCPA. *See, Civil Code* §§ 1788, et seq.

### 3.    Even assuming that the CFDCPA applies to Chase or Homesales, a request for validation of debt does not require ceasing of collection activity

Plaintiff alleges that Chase and Homesales violated Section 1788.17 of the CFDCPA ("section 1788.17")[1] because neither entity "provided verification of the alleged debt as requested by Exhibit 7, nor did Defendants and each of them suspend

---

[1] Section 1788.17 provides, in relevant part, that: "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b [relating to the acquisition of location information ] to 1692j [relating to furnishing false information to debtors]." *Civil Code* § 1788.17.

1    debt collection activities following Plaintiff's written requests for verification of the

2    alleged debt[.]" *See,* FAC, ¶ 46.

3    　　　As discussed above, Plaintiff's allegations are meritless, and do not give rise to

4    a claim under the CFDCPA.  The purported "requests for verification of alleged debt"

5    were admittedly addressed to First American, and not Chase and Homesales. *See,*

6    FAC, Exhibit 8.   In the request "for verification of alleged debt" attached to the FAC,

7    Plaintiff does not dispute the debt or any portion of the debt. *See,* FAC, Exhibit 7, p.

8    4, ¶ 1.  Moreover, neither Chase nor Homesales were required to "suspend debt

9    collection activity" after First American allegedly received the "requests for

10    verification of alleged debt" as urged by plaintiff, because such requests were sent

11    approximately two months after the NOD was mailed and clearly beyond the 30-day

12    period in which a "debtor" is required to dispute or validate a debt pursuant to the

13    provisions of section 1692g. *See,* 15 U.S.C. 1692g; *see also* Bush, 286 F.Supp.2d at

14    1215.

15    　　　Because Plaintiff admittedly did not send a request "for verification of alleged

16    debt" to Chase or Homesales, neither Chase nor Homesales were required to cease

17    collection activity upon the Subject Property following Plaintiff's letters to First

18    American. The first cause of action for "Unfair Debt Collection Practices" under the

19    CFDCPA must be dismissed.

20    　　**C.**　　**Plaintiff fails to properly plead a claim for "Unfair Debt Collection**

21    　　　　**Practices" under RESPA against Chase and Homesales**

22    　　　Plaintiff fails to identify which provisions of the Real Estate Settlement

23    Procedures Act ("RESPA") that Chase or Homesales allegedly violated. *See,* FAC.

24    Although the Court must construe the facts in the light most favorable to the non-

25    moving party, "conclusory allegations of law and unwarranted inferences are not

26    sufficient to defeat a motion to dismiss." *See Associated Gen. Contrs. of Am. v.*

27    *Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998).  "[T]he court is not

28    required to accept legal conclusions cast in the form of factual allegations if those

Adorno Yoss Alvarado & Smith
Attorneys At Law
Santa Ana

1   conclusions cannot reasonably be drawn from the facts alleged." *See Clegg v. Cult*

2   *Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).    Because Plaintiff's

3   allegations are mere conclusions without any factual support, Plaintiff cannot state a

4   claim under RESPA. *See Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*,

5   159 F.3d at 1181; *Clegg v. Cult Awareness Network*, 18 F.3d at 754-55.

6       Thus, because Plaintiff does not make any factual allegations in support of the

7   RESPA claim , the first cause of action for "Unfair Debt Collection Practices" must be

8   dismissed.

9   **V.    PLAINTIFF FAILS TO STATE A CLAIM FOR "PREDATORY**

10      **LENDING PRACTICES" AGAINST CHASE OR HOMESALES**

11      Plaintiff's second claim is based on the allegation that "JPMORGAN... has

12  engaged in deceptive practices with respect to Plaintiff in violation of the Home

13  Ownership and Equity Protection Act ("HOEPA") . . . the Truth in Lending Act

14  ("TILA") . . . and the Federal Trade Commission Act ("FTC Act") . . . the specifics of

15  which are unknown . . . ." *See,* FAC, ¶50.  Plaintiff further alleges that Chase and

16  Homesales are  "liable for actions and subject to defenses that would have been

17  available against JPMORGAN[.]." *See,* FAC, ¶49.

18      Similar to Plaintiff's claim for "Unfair Debt Collection Practices," Plaintiff cites

19  to multiple statutes without providing any supporting factual allegations that any

20  practice of Chase or Homesales is predatory. *See,* FAC, ¶¶ 48-51.  As is stated above,

21  conclusory allegations of law are not sufficient to defeat a motion to dismiss." *See,*

22  *Associated Gen. Contrs. of Am.*, 159 F.3d at 1181 ("[T]he court is not required to

23  accept legal conclusions cast in the form of factual allegations if those conclusions

24  cannot reasonably be drawn from the facts alleged." ); *Clegg,* 18 F.3d at 754-5.

25      Even assuming that the alleged predatory conduct is the commencement of

26  foreclosure based on Plaintiff's failure to comply with the First Loan, such allegations

27  do not give rise to a predatory lending practice.  Chase, as the servicer of the First

28  Loan, had the authority to instruct the foreclosure trustee to commence foreclosure.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

Foreclosure can be commenced by the trustee, mortgagee or <u>beneficiary or any of their authorized agents</u> and a person authorized to record the notice of default or the notice of sale. *See*, Cal. Civ. Code § 2924a(1), (4) [Emphasis added].

Moreover, Homesales had the indisputable legal authority to cause the trustee to commence foreclosure. The First DOT is a valid enforceable instrument that provides that the promissory note and the interest in the First DOT can be sold and that a substitute trustee can be appointed. *See,* RJN, Exhibit 2, ¶¶ 20, 24. Pursuant to the Assignments of Deed of Trust, all beneficial interest in the First DOT was assigned to Homesales Bank (as assignee beneficiary). *See,* RJN, Exhibits 1-6. As such, Homesales Bank is the holder of the First DOT and entitled to enforce its provisions.

The beneficiary of a deed of trust may enforce the security interest provided by the deed through a nonjudicial foreclosure if the deed of trust contains an express provision granting a power of sale. *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994). Aside from the availability of this second remedy, deeds of trust have the same legal effect as a traditional mortgage. This tenet of law is codified in the legal framework governing trustee's sales is found in California Civil Code Sections 2924 – 2924i, which is the "the comprehensive statutory framework established to govern nonjudicial foreclosure sales" and "is intended to be exhaustive." *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994); *see also Homestead Sav. v. Darmiento*, 230 Cal. App. 3d 424, 432-433 (1991). That statutory scheme specifically provides that the foreclosure process may be conducted by the "trustee, mortgagee or **beneficiary or any of their authorized agents**" and a person authorized to record the notice of default or the notice of sale includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." Cal. Civ. Code § 2924a(1), (4) (emphasis added); *see also Moeller*, 25 Cal. App. 4th at 830 ("Upon default by the trustor, the **beneficiary** may declare a default and proceed with a nonjudicial foreclosure sale." (emphasis added)).

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1067696.2

The First DOT contains a power of sale in case of Plaintiff's failure to comply with the First Loan. *See,* RJN, Exhibit 1, ¶ 22. The law is clear. If a borrower defaults on the loan and the deed of trust contains a power of sale clause, the lender can non-judicially foreclose. *McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231 (1930). Pursuant to the NOD, as of April 2, 2008, Plaintiff owed $14,833.32 in arrears on the First Loan, and the arrears continue to accrue until Plaintiff brings the loan current. *See,* RJN, Exhibit 5. By initiating foreclosure, Homesales was merely enforcing its rights under the First DOT.

In addition, the First DOT provides that a substitute trustee may be appointed. *See,* RJN, Exhibit 1, ¶ 24. Pursuant to the Substitution of Trustee, First American was substituted as the trustee of the First DOT and therefore is entitled to enforce the provisions of the First DOT. *See,* RJN, Exhibit 7.

Plaintiff alleges that foreclosure was improper because neither Chase nor Homesales were the "holders" of the note pursuant to section 3301, of the *California Commercial Code* ("section 3301"). Plaintiff's contention in inapposite, as Section 3301 states:

> "Person entitled to enforce" an instrument means (a) <u>the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder,</u> or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." (Emphasis added).

Thus, contrary to Plaintiff's allegations based upon section 3303, and in light of the legal framework governing trustee's sales discussed above, Chase, as the servicer of the First Loan, had the indisputable authority to cause First American to enforce the provisions of the First DOT. Moreover, Homesales, as assignee beneficiary, was the holder of the First DOT, and entitled to enforce its provisions.

There is no basis for a cause of action for predatory lending practices, and the claim for predatory lending practices should be dismissed.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

# VI.    PLAINTIFF FAILS TO STATE A CLAIM FOR "RICO VIOLATIONS" AGAINST CHASE OR HOMESALES

Plaintiff fails to state a claim for violation of Racketeer Influenced and Corrupt Organizations Act ("RICO") against Chase and Homesales.  To state a RICO claim, a plaintiff must allege and prove: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity; and (5) that the actions of the defendant have proximately caused injury to the plaintiff in his or her business or property.  *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985).

The alleged "enterprise" must be either an independent legal entity such as a corporation or an "association in fact" of individuals.  18 U.S.C. §1961(4).  "The 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages."  *United States v. Turkette,* 452 U.S. 576, 583 (1981).  Thus, in *Chang v. Chen*, 80 F.3d 1293, 1300 (9th Cir. 1996), the Ninth Circuit affirmed the dismissal of a civil RICO claim because the FAC did not allege "the existence of a system of authority that guided the operation of the alleged enterprise."

Here, Plaintiff fails to properly plead the elements of an "enterprise," "pattern," or "racketeering activity" to state a RICO claim against Chase or Homesales.  First, Plaintiff fails to plead that Chase or Homesales engaged in any wrongful conduct.  All conduct alleged in the FAC was allegedly committed by "Defendants."  Moreover, Plaintiff simply alleges that "Defendants and each of them have participated as part of an enterprise in involved in mortgages and foreclosures."  *See,* FAC, ¶ 55.  Plaintiff makes no factual allegations how being "involved in mortgages and foreclosures" constitutes actionable conduct under RICO.

Moreover, while Plaintiff summarily alleges that "Defendants" engaged in a "pattern and practice of utilizing the non-judicial foreclosure procedures of this State to foreclose on properties when they do no, in fact have the right to do so[,]" Plaintiff fails to properly plead that Chase and Homesales engaged in an activity that

1067696.2

constituted "racketeering."   Instead, Plaintiff conclusively alleges that "Defendants and each of them were participating in and have participated in a scheme of racketeering," and the "full scope of their activities and goals has yet to be ascertained." *See,* FAC, ¶ 53. Thus, Plaintiff fails to plead the first and fourth elements of the RICO claim.

As to the second element, Plaintiff fails to plead an "enterprise" or the existence of a system of authority that guided the operation of the alleged enterprise. *See, Chang v. Chen*, 80 F.3d at 1300.   Instead, Plaintiff vaguely alleges that Defendants "participated as a part of an enterprise" without alleging an independent legal entity such as a corporation or an "association in fact" of individuals. *See,* FAC, ¶ 55.  "The 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages." *United States v. Turkette,* 452 U.S. at 583; 18 U.S.C. §1961(4).   Thus, Plaintiff merely alleges the purported pattern of activity and not the enterprise.

Because Plaintiff fails to identify any conduct that constitutes racketeering activity, Plaintiff fails to establish any element of the RICO claim.  Also, Plaintiff fails to properly allege the enterprise element of a RICO claim.  Therefore, the claim for RICO should be dismissed.

## VII.   PLAINTIFF FAILS TO STATE A CLAIM TO "QUIET TITLE" AGAINST CHASE AND HOMESALES

Plaintiff's fourth cause of action to "Quiet Title" is subject to dismissal.  In order to successfully allege a cause of action for quiet title, the complaint must be verified and allege:  (1) a legal description of the property and its street address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Civ. Proc. § 761.020.

Plaintiff's FAC is not verified.  For this reason alone, the motion to dismiss

Adorno Yoss Alvarado & Smith
Attorneys At Law
Santa Ana

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1   must be granted.  Cal. Civ. Proc. § 761.020.  Moreover, Plaintiff fails to plead the first

2   element of the "Quiet Title" claim because Plaintiff does not include a legal

3   description of the Subject Property. *See,* FAC.

4       Plaintiff fails to plead the second element of the "Quiet Title" claim against

5   Chase and Homesales, namely, that Plaintiff has an interest in the title of the Subject

6   Property.  *See,* FAC, ¶¶ 62-65.  In fact, the recorded documents indicate that

7   Homesales is the current owner of the Subject Property.  *See*, RJN, Exhibit 6.  Thus,

8   Plaintiff has no standing to bring a quiet title action, because whatever interest

9   Plaintiff alleges to have is, at best, equitable, and the holder of equitable title cannot

10  maintain a quiet title action against the legal owner.  *See Lewis v. Superior Court*, 30

11  Cal.App.4th 1850, 1866 (1994); *Stafford v. Ballinger,* 199 Cal.App.2d 289, 294-295

12  (1962).

13      Moreover, Plaintiff fails to plead the date as of which the "Quiet Title"

14  determination is sought.

15      Because Plaintiff fails to plead the requisite elements of a claim to "Quiet

16  Title," the claim must be dismissed.

17  **VIII.  THE FAC IS VAGUE AND UNCERTAIN, AND THEREFORE,**

18      **PLAINTIFF MUST PROVIDE MORE DEFINITE STATEMENT**

19      **UNDER RULE 12(e)**

20  Rule 12(e) of FRCP states in relevant part:

21      "If a pleading to which a responsive pleading is permitted is so

22      vague or ambiguous that a party cannot reasonably be required to

23      frame a responsive pleading, the party may move for a more

24      definite statement before interposing a responsive pleading."

25  *See also, Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. CA

26  1981); *Cellars v. Pacific Coast Packaging, Inc.*, 189 FRD 575, 578 (ND CA 1999).

27      The FAC is vague and unintelligible for several reasons. First, Plaintiff's second

28  claim is based on the allegation that "JPMORGAN…has engaged in deceptive

16

MOTION TO DISMISS

practices with respect to Plaintiff in violation of the Home Ownership and Equity Protection Act ("HOEPA") . . . the Truth in Lending Act ("TILA") . . . and the Federal Trade Commission Act ("FTC Act") . . . the specifics of which are unknown . . . ." *See,* FAC, ¶ 50.  Plaintiff further alleges that Chase "is subject to defenses that would have been available against JPMORGAN[.]." *See,* FAC, ¶ 49. As is stated above, Plaintiff does not provide any supporting factual allegations that any practice of Chase or Homesales is predatory. *See,* FAC, ¶¶ 48-51.  Similarly, in Plaintiff's third claim for "RICO violations" Plaintiff fails to plead any wrongful conduct, an "enterprise," or a "pattern" of "racketeering activity." Plaintiff's allegations are nothing more than conclusions, and Defendants are unable to ascertain from the allegations in the FAC how Chase or Homesales allegedly violated the cited statutes.

In light of the above, the FAC is vague and unintelligible, and Plaintiff must be ordered to provide a more definite statement.

## IX.   CONCLUSION

Based on the forgoing arguments and authorities, Defendants respectfully request that this Court grant the motion to dismiss in its entirety without leave to amend.

DATED:  December 19, 2008

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By:   /s/ S. Christopher Yoo
    JOHN M. SORICH
    S. CHRISTOPHER YOO
    VALERIE K. BRENNAN
    Attorneys for Defendants
    CHASE HOME FINANCE LLC and
    HOMESALES, INC.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

17

1067696.2

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On December 19, 2008, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐    **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐    **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on December 19, 2008, at Santa Ana, California.

Rhonda K. White

---

PROOF OF SERVICE

1067290.1

1

**SERVICE LIST**

2

3

Mitchell W. Roth, Esq.                    Telephone:  818. 989.7888
4    M.W. ROTH, P.L.C.                         Facsimile:   818.372.3547
13245 Riverside Drive, Suite 320
5    Sherman Oaks, CA 91423                    Attorneys for Plaintiff, Roberto Aviles, Jr.

6    Charles C. McKenna, Esq.                  Telephone:  949.477.5050
Wright, Finlay & Zak                      Facsimile:   949.477.9200
7    4665 MacArthur Court, Suite 280
Newport Beach, CA 92660                   Attorney for Defendant,
8                                              First American Loanstar Trustee Services

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

PROOF OF SERVICE

1067290.1