JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
CHASE HOME FINANCE LLC and
HOMESALES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO AVILES JR., <br><br> Plaintiff, <br><br> v. <br><br> FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, CHASE HOME FINANCE, LLC, HOMESALES, INC., and DOES 3–50, inclusive, <br><br> Defendants. | CASE NO.: 2:CV08-8224 SVW (VBKx) <br><br> JUDGE:   Hon. Stephen V. Wilson <br><br> **EX PARTE APPLICATION TO EXPUNGE LIS PENDENS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF VALERIE K. BRENNAN** <br><br> Action Filed:   July 25, 2008 |

TO THE HONORABLE STEPHEN V. WILSON, PLAINTIFF, PLAINTIFF'S ATTORNEY OF RECORD, AND ALL INTERESTED PARTIES:

Defendants Chase Home Finance LLC ("Chase") and Homesales, Inc. ("Homesales") (collectively "Defendants") move this Court for an order expunging the lis pendens recorded on July 30, 2008 in the Los Angeles County Official Records as Document No. 20081364633 and filed in the above-mentioned action ("Lis Pendens") against the real property located at 3006 Cazador Street, Los Angeles,

1  California ("Subject Property").

2  The Application is made on the grounds that the entire Complaint in this matter was dismissed by the United States District Court, Central District of California on January 27, 2009. Because the Complaint was dismissed in its entirety, the Notice of Pending Action is subject to expungement under California *Code of Civil Procedure* ("CCP") § 405.31.

Good cause exists for this Court to grant Defendants' Application on an ex parte basis. The Subject Property is in the process of being sold and is in escrow. Escrow cannot close, however, until the Lis Pendens is expunged. The expungement of the Lis Pendens will not prejudice any party because there is no longer any "real property claim" in connection with the Subject Property, as the complaint of plaintiff Roberto Aviles ("Plaintiff") was dismissed on January 27, 2009.

The motion will be based upon this notice, the attached memorandum in support, the declaration of Valerie K. Brennan, and the records and files in this action and any other or further evidence or argument that the Court may properly receive at the time of the hearing on this matter.

DATED: August 10, 2009

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: /s/ *signature*
JOHN M. SORICH
CHRISTOPHER YOO
Attorneys for Defendants
CHASE HOME FINANCE LLC and
HOMESALES. INC.

## MEMORANDUM OF POINTS & AUTHORITIES

Defendants Chase Home Finance LLC ("Chase") and Homesales, Inc. ("Homesales") (collectively "Defendants") respectfully submit this Memorandum of Points and Authorities in support of the Application for an order expunging the lis pendens recorded by plaintiff Roberto Aviles ("Plaintiff")

### I. INTRODUCTION

By this Application, Defendants seek to expunge the lis pendens recorded on July 30, 2008 in the Los Angeles County Official Records as Document No. 20081364633 and filed in the above-mentioned action ("Lis Pendens") against the real property located at 3006 Cazador Street, Los Angeles, California ("Subject Property").

According to California law, Notice of Pendency of Action (or lis pendens) can be expunged if the Court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim. The Subject Lis Pendens is subject to expungement under California *Code of Civil Procedure* ("CCP") § 405.30 *et seq.* because Plaintiff no longer has any "real property claim" in connection with the Subject Property, and did not establish the probable validity of any real property claim. Indeed, <u>the entire Complaint in this matter was dismissed with prejudice by the United States District Court on January 27, 2009</u>.

Because of the Subject Lis Pendens against the Subject Property, Defendants are unable to sell or transfer the Subject Property, causing prejudice to Defendants. The Subject Property is in the process of being sold and is in escrow. Escrow cannot close, however, until the Lis Pendens is expunged. The expungement of the Lis Pendens will not prejudice any party because there is no longer any "real property claim" in connection with the Subject Property, as Plaintiff's Complaint was dismissed on January 27, 2009.

Accordingly, the Subject Lis Pendens must be expunged immediately, otherwise, Defendants will continue to suffer irreparable harm.

## II. STATEMENT OF FACTS

On or about July 25, 2008, Plaintiff filed the Complaint in the Superior Court of the State of California for the County of Los Angeles. *See,* Declaration of Valerie K. Brennan ("Brennan Decl."), ¶ 2. On July 30, 2008, Plaintiff recorded the Subject Lis Pendens with the Los Angeles County Recorder's Office as Document Number 20081364633. *See,* Brennan Decl., ¶ 3.

On December 12, 2008, Defendants removed Plaintiff's Complaint to the United States District Court, Central District, on the grounds that it alleged violations of the Federal Fair Debt Collections Act ("FDCPA"), 15 U.S.C § 1692 et seq., Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1637, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 41 et seq., and 18 USC § 1961 et seq. ("RICO"). *See,* Brennan Decl., ¶ 4. On December 19, 2008, Defendants subsequently filed a Motion to Dismiss Plaintiff's Complaint on the grounds that it failed to state a claim. *See,* Brennan Decl., ¶ 5.

Plaintiff did not oppose Defendants' Motion. *See,* Brennan Decl., ¶ 6. On January 27, 2009, the United States District Court, Central District of California, dismissed the Complaint in this matter. *See,* Brennan Decl., ¶ 7.

## III. PLAINTIFF CANNOT ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE THE PROBABLE VALIDITY OF ANY REAL PROPERTY CLAIM.

The Court must expunge the Subject Lis Pendens because Plaintiff's claims against Defendants have no merit. CCP § 405.32 provides that "the court shall order that the notice [of pendency of action] be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." CCP § 405.4 defines a "real property claim" as "the cause or causes of action in a pleading which would, if meritorious, affect (a) title to, or the right to possession of, specific real property[.]" CCP § 405.3 defines the term

"probable validity" to mean, "it is more likely than not that the claimant will obtain a judgment against the defendant on the [real property] claim." CCP § 405.3. The burden of showing the probable validity of the claim is on the claimant. CCP § 405.32; *Ziello v. Superior Court,* 36 Cal.App.4th 321, 332 (1995).

In this case, Plaintiff cannot establish any valid cause of action for the Subject Property for the simple reason that Plaintiff's Complaint was dismissed in its entirety. *See,* Brennan Decl., ¶ 7. Indeed, Plaintiff no longer have any "real property claim" against Defendants under CCP § 405.4 because the Complaint was dismissed. Consequently, Plaintiff cannot establish by a preponderance of the evidence the probable validity of the "real property claim" as required by Code of Civil Procedure § 405.32. Moreover, since Plaintiff did not allege a viable claim in the Complaint, Plaintiff could not possibly show that Plaintiff can obtain a judgment against Defendants on any real property claim. Since no cause of action can be alleged as against Defendant, there is no basis for the Subject Lis Pendens. CCP §§ 405.4 and 405.32.

The fact remains that Plaintiff cannot establish by a preponderance of the evidence the probable validity of the real property and, thus, no longer have any interest in or the right of possession to the Subject Property. CCP §§ 405.4 and 405.32. Therefore, this Court must grant this Application and expunge the Subject Lis Pendens.

## IV.   GOOD CAUSE EXISTS TO GRANT DEFENDANTS' EX PARTE APPLICATION TO EXPUNGE THE LIS PENDENS

Because of the Subject Lis Pendens against the Subject Property, Defendants are unable to sell or transfer the Subject Property, causing prejudice to Defendant. The Subject Property is in the process of being sold and is in escrow. Escrow cannot close, however, until the Lis Pendens is expunged. The expungement of the Lis Pendens will not prejudice any party because there is no longer any "real property claim" in connection with the Subject Property, as the complaint of plaintiff Roberto

Aviles ("Plaintiff") was dismissed on January 27, 2009.

V. **CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that the Court grants this Application and order expungement of the Subject Lis Pendens.

DATED: August 10, 2009

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: /s/ *signature*
JOHN M. SORICH
CHRISTOPHER YOO
Attorneys for Defendants
CHASE HOME FINANCE LLC and
HOMESALES. INC.

# DECLARATION OF VALERIE K. BRENNAN

I, VALERIE K. BRENNAN, declare as follows:

1. I am an attorney licensed to practice law in the State of California, and an associate with the law firm of Adorno Yoss Alvarado & Smith, a Professional Corporation, attorneys of record for defendant Chase Home Finance LLC ("Chase") and Homesales, Inc. ("Homesales") (collectively "Defendants") in the above-captioned action ("Action"). If called as a witness in this Action, I am competent to testify of my own personal knowledge, to the best of my recollection, as to the matters set forth in this Declaration.

2. On or about July 25, 2008, Plaintiff filed the Complaint in the Superior Court of the State of California for the County of Los Angeles.

3. On July 30, 2008, Plaintiff recorded the Subject Lis Pendens with the Los Angeles County Recorder's Office as Document Number 20081364633. A true and correct copy of the Subject Lis Pendens is attached as Exhibit "A."

4. On or about December 12, 2008, my office, on behalf of Defendants, removed Plaintiff's Complaint to the United States District Court, Central District, on the grounds that it alleged violations of the Federal Fair Debt Collections Act ("FDCPA"), 15 U.S.C § 1692 et seq., Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1637, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 41 et seq., and 18 USC § 1961 et seq. ("RICO").

5. On December 19, 2008, my office, on behalf of Defendant, filed a Motion to Dismiss Plaintiff's Complaint on the grounds that it failed to state a claim.

6. Plaintiff did not oppose Defendants' Application.

7. On January 27, 2009, the United States District Court, Central District of California, dismissed the Complaint in this matter. A true and correct copy of the Civil Minutes Dismissing Plaintiff's Complaint is attached as Exhibit "B."

8. Pursuant to this Court's docket, as well as the Los Angeles County

Court's Docket of August 10, 2009, it is reflected that Plaintiff is represented by Mitchell Roth of MW Roth, LLC ("Roth"). See, Court Docket. The website for the California State Bar states that Mitchell Roth is not eligible to practice law as of April 25, 2009. See, California State Bar Member Search, which is attached as Exhibit "C." Plaintiff has not filed a substitution of attorney in place of Roth, and Plaintiffs did not contact Defendants to inform Defendants that Plaintiffs retained new counsel in place of Roth, or to provide Defendants with Plaintiff's contact information. Nevertheless, in an effort to give Plaintiff notice of this ex parte application, Defendants have sent a copy of this Application to Plaintiff's last known address.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on August 10, 2009, at Santa Ana, California.

/s/ Brennan
_____
VALERIE K. BRENNAN

# EXHIBIT "A"

This page is part of your document - DO NOT DISCARD

 **20081364633** Pages: 003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

Fee: 13.00
Tax: 0.00
Other: 0.00
Total: 13.00

07/30/08 AT 12:09PM

2174437    200807300030066    Counter

TITLE(S) :



L E A D   S H E E T

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.    Number of AIN's Shown

E485411    THIS FORM IS NOT TO BE DUPLICATED

07/30/08

20081364633

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:
Mitchell Roth, CA SBN 77962
M.W. Roth, PLC
13245 Riverside Drive, Suite 320
Sherman Oaks, CA 91423

Attorney for Plaintiff(s)

Space Above This Line for Recorder's Use

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

CENTRAL DISTRICT

ROBERTO AVILES JR.,

    Plaintiff,

vs.

First American Loanstar Trusteee Services, Doe 1 and DOES 2 – 50, inclusive,

    Defendants.

Case No.: BC 395124

NOTICE OF PENDENCY OF ACTION
[CCP Section 405.20]

    Notice is given that the above-entitled action was filed in the above-entitled court on July 24, 2008 by plaintiff(s), Roberto Aviles Jr. against, defendant(s), First Amercian Title Insurance Company, Doe 1 and Does 2 - 50. The action affects title and the right to possession of 3006 Cazador Street, Los Angeles, CA 90065, the property identified in the complaint.

    The real property affected by the action is located in Los Angeles County, California, and is described as follows:

    Assessor's Parcel Number: 5456-014-031

    Code of Civil Procedure Section 405.22 provides that "Except in actions subject to Section 405.6, the claimant shall, prior to recordation of the notice, cause a copy of the notice to be mailed, by

-1-

ORIGINAL

NOTICE OF PENDENCY OF ACTION [CCP Section 405.20]

registered or certified mail, return receipt requested, to all known addresses of the parties to whom the real property claim is adverse and to all owners of record of the real property affected by the real property claim as shown by the latest county assessment roll. If there is no known address for service on an adverse party or owner, then as to that party or owner a declaration under penalty of perjury to that effect may be recorded instead of the proof of service required above, and the service on that party or owner shall not be required. Immediately following recordation, a copy of the notice shall also be filed with the court in which the action is pending. Service shall also be made immediately and in the same manner upon each adverse party later joined in the action.

**I am the attorney of record in the above captioned case.** In signing this notice I state that I have fully complied with Code of Civil Procedure Section 405.22 by serving each of the named defendants by certified mail, return receipt requested, which constitute all of the parties to whom the real property claim is adverse. The Plaintiff(s), who I represent, are all of the owners of record of the real property affected.

I make this statement under penalty of perjury under the laws of the State of California and the statements contained herein are true and correct of my personal knowledge. Executed the date indicated below at Sherman Oaks, California.

Dated July 28, 2008

Kristine Takvoryan
Attorney for Plaintiff

ORIGINAL

-2-

NOTICE OF PENDENCY OF ACTION [CCP Section 405.20]

# EXHIBIT "B"

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-8224 SVW (VBKx) | Date | January 27, 2009 |
| Title | Roberto Aviles, Jr. v. First American Loanstar Trustee Services et al | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

N/A                                                             N/A

Proceedings:     IN CHAMBERS ORDER re DEFENDANTS' MOTION TO DISMISS [5]

Defendants move to dismiss Plaintiff's claims for: (1) Unfair Debt Collection Practices, (2) Predatory Lending Practices, (3) RICO Violations, and (4) Quiet Title. Plaintiff has not opposed this motion. As such, Defendants' Motion is GRANTED. Plaintiffs' claims are dismissed without prejudice.

Initials of Preparer          PMC

CV-90 (06/04)                    CIVIL MINUTES - GENERAL                    Page 1 of 1

# EXHIBIT "C"

# THE STATE BAR OF CALIFORNIA

Tuesday, July 7, 2009 — State Bar Home

Search Calbar Site [   ] Go

- Attorney Resources
- Public Services
- About the Bar
- Member Services

Home > Attorney Search > Attorney Profile

## ATTORNEY SEARCH

## Mitchell Roth - #77962

### Current Status: Not eligible to practice law (Not Entitled)

See below for more details.

## Profile Information

| | | | |
|---|---|---|---|
| **Bar Number** | 77962 | | |
| **Address** | MW Roth, PLC<br>13245 Riverside Dr Ste 320<br>Sherman Oaks, CA 91423 | **Phone Number**<br>**Fax Number**<br>**e-mail** | (818) 989-7888<br>(323) 372-3547<br>info@mwroth.com |
| **District** | District 7 | **Undergraduate School** | SUNY; NY |
| **County** | Los Angeles | **Law School** | St John's Univ SOL; NY |
| **Sections** | None | | |

## Status History

| Effective Date | Status Change |
|---|---|
| Present | Not Eligible To Practice Law |
| 4/25/2009 | Not Eligible To Practice Law |
| 12/21/1977 | Admitted to The State Bar of California |

Explanation of member status

## Actions Affecting Eligibility to Practice Law

| Effective Date | Description | Case Number | Resulting Status |
|---|---|---|---|
| **Disciplinary and Related Actions** | | | |
| 5/29/2009 | Vol.inactive(tender of resign.w/charges) | 09-Q-12688 | Not Eligible To Practice Law |
| 4/25/2009 | Ordered inactive | 09-TR-11382 | Not Eligible To Practice Law |

## Administrative Actions

This member has no public record of administrative actions.

Copies of official attorney discipline records are available upon request.

Explanation of common actions

### State Bar Court Cases

**NOTE:** *The State Bar Court began posting public discipline documents online in 2005. The format and pagination of documents posted on this site may vary from the originals in the case file as a result of their translation from the original format into Word and PDF. Copies of additional related documents in a case are* available upon request. *Only* Opinions designated for publication *in the State Bar Court Reporter* may be cited or relied on as precedent in State Bar Court proceedings.

| Effective Date | Case Number | Description |
|---|---|---|
| 4/25/2009 | 09-TR-11382 | Decision [PDF] [WORD] |

Start New Search >

Contact Us    Site Map    Privacy Policy    Notices    © 2009 The State Bar of California

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

On August 10, 2009, I served the foregoing document described as **EX PARTE APPLICATION TO EXPUNGE LIS PENDENS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF VALERIE K. BRENNAN** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on August 10, 2009, at Santa Ana, California.

/s/ Julie Sandoval
-------------------
Julie Sandoval

PROOF OF SERVICE

1067290.1

## SERVICE LIST

### Roberto Aviles Jr. v. First American Loanstar
### USDC Case No. CV08-06658 SVW (JTLx)

Roberto Aviles Jr.
3006 Cazador Street
Los Angeles, CA 90065

**Plaintiff**

Charles C. McKenna, Esq.
Wright, Finlay & Zak
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660

Telephone: 949.477.5050
Facsimile: 949.477.9200

**Attorney for Defendant,
First American Loanstar Trustee Services**

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

PROOF OF SERVICE

1067290.1